UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANDERSON VERNOT,                                    Civil Action No.:

                Plaintiff,

   -against-                                                **COMPLAINT**

FIRST CREDIT SERVICES, INC.,                         **DEMAND FOR JURY TRIAL**

                Defendant(s).

-----------------------------------------------------------------X

Plaintiff ANDERSON VERNOT ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant, FIRST CREDIT SERVICES, INC., (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff ANDERSON VERNOT is a resident of the State of New York, residing at 117 South 25th Street, Wyandanch, New York 11798.

3. Defendant FIRST CREDIT SERVICES, INC. is a corporation duly organized and existing under the laws of the State of New Jersey and engaged in the business of collecting debts with an office at 377 Hoes Lane, Suite 200 B, Piscataway, New Jersey 08854.

4. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant,

the Defendant began its collection efforts and campaign of communications with the Plaintiff in or about March, 2016 by reporting his account to credit bureaus.

11. On or about March 20, 2016 Plaintiff learned that his credit report reflected Defendant's debt listing.

12. On or about March 20, 2016, Plaintiff sought representation for credit assistance from Asset Protection and Management, Inc. (hereinafter referred to as "Asset").

13. On or about March 31, 2016 Plaintiff forwarded to Defendant by facsimile a letter of dispute accompanied by an executed limited power of attorney authorizing Asset's communication on Plaintiff's behalf. Receipt by Defendant was evidenced by fax confirmation to Defendant's number of 732 465 1302.

14. On April 12, 2016, Ms. Giselle Espinal, an employee of Asset, placed a telephone call to Defendant and communicated with a female representative who identified herself as "Lucha."

15. "Lucha," placed Ms. Espinal on hold and then transferred the call to a man who identified himself as "Wish," and who transferred Ms. Espinal to a third female representative of Defendant.

16. This third unidentified representative informed Ms. Espinal that one of her colleagues notified her that Defendant could not discuss anything about Plaintiff's account with her and whatever inquiry Asset and Plaintiff had must be sent by e-mail to Defendant's "compliance department."

17. When Ms. Espinal asked to be connected to a person who was able to discuss Plaintiff's account, Defendant's agent stated that she would be transferred to "my manager." Approximately four (4) minutes passed before the call was disconnected.

18. On April 13, 2016, the manager of Asset, Mr. Alberto Reyes, received a telephone call from a female representative of Defendant who later identified herself to Plaintiff as "Brooke Berrett."

19. Ms. "Berrett" stated that she was returning the call from Ms. Espinal and when Mr. Reyes replied that Ms. Espinal was not available, stated to Mr. Reyes that Defendant had sent his company a "cease and desist [sic]."

20. Ms. "Berrett" stated that the "cease and desist [sic]" said that "…you not contact our office anymore, that you go through our attorney. We sent it in writing and also our attorney has called and I've called."

21. Mr. Reyes informed Ms. Berrett that Asset received no communication from Defendant regarding any type of cease and desist and that if Plaintiff needed Asset to communicate with Defendant, they would have to contact their attorney because Defendant's action, as now being expressed, was unfair to Plaintiff.

22. Ms. Berrett responded by laughing and stated that Asset tried to "bait us into breaking the law" and that Asset "records phone calls."

23. Ms. Berrett then directed Mr. Reyes: "At this point in time we ask that you have one of your clients that needs information from us or is disputing a

debt, reach out to our attorney's office and our attorney's office will reach out to us," after which the call concluded.

24. On April 28, 2016, Plaintiff placed a telephone call to Defendant and after providing information, was transferred to Ms. "Berrett" who identified herself by name and title of "compliance officer."

25. Ms. "Berrett" responded to Plaintiff's inquiries, stating that Plaintiff's account was no longer in Defendant's office and thereafter stated that Defendant had sent documentation in the form of validation of the debt to Asset and asked, "We sent it to them, didn't they give it to you?"

26. Asset at no time received said documentation from Defendant.

27. Plaintiff asked Ms. "Berrett" when Defendant sent the validation she claimed was sent to Asset and Ms. "Berrett" replied: "I think sometime in April."

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. 15 USC §1692 e – preface and e (10) prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

30. Defendant violated 15 USC §1692 e – preface and e (10) when it reported Plaintiff's account to credit bureaus, listing Defendant's name and contact information as reporter and when Defendant was in receipt of faxed

correspondence disputing Plaintiff's account and authorizing Asset to act as his representative in future, claimed deceptively and deceitfully that no information for Plaintiff could be provided to Asset and Plaintiff and/or that Asset was prevented henceforth from conversing with Defendant but must only e-mail inquiries to Defendant's "compliance department." Defendant was in possession of Plaintiff's power of attorney authorizing Defendant to communicate with Plaintiff's chosen representative and to state that no information was available or could be provided is false and unjust.  Thereafter, Ms. "Berrett" telephoned Asset and stated falsely that a "cease and desist [sic]" was sent to Plaintiff's representative and that she had called Plaintiff's representative and that Defendant's attorney had called Plaintiff's representative, none of which had ever occurred. Ms. "Berrett" further falsely informed Plaintiff that a validation of his debt had been sent to Asset but was incapable of stating when such validation was mailed and which, in fact, was never mailed. Defendant thus deceptively and wrongfully blocked Plaintiff from obtaining information about his debt and verbally disputing his debt by insisting that any dispute could only be sent to Defendant via electronic submission. As Defendant knows, or should know, pursuant to <u>Dana Clark v. Absolute Collection Service, Inc.</u>, the Fourth Circuit of the U.S. Court of Appeals found that subparagraph (3) of 15 USC §1692 g (a) of the FDCPA, as written, triggers statutory protections for consumers, affirming the right of consumers to challenge a debt orally without imposing a written requirement.  The Court found further that, "Once a consumer disputes a debt

orally, under section 1692 g (a)(3), a debt collector cannot communicate that consumer's credit information to others without disclosing the dispute."

31. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

32. The Defendant violated 15 USC §1692 f preface when it unfairly took action upon Plaintiff's account by reporting a debt to credit bureaus under Defendant's name and then when Plaintiff and Plaintiff's representative, Asset, contacted Defendant to inquire and confirm status of dispute, unfairly and unconscionably refused to address or honor Plaintiff's concerns. Further, Defendant's agent, "Brooke Berrett," telephoned Plaintiff's chosen representative, Asset and unfairly and unconscionably accused them of "baiting" Defendant into breaking the law, and attempted to silence Plaintiff's representative from further communication.

33. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

34. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to15USC§1692(a) (3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
June 6, 2016

Respectfully submitted,

By: _____
Edward B. Geller, Esq.(EG9763)
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone:    (914)473-6783

*Attorney for the Plaintiff ANDERSON VERNOT*

To:   First Credit Services, Inc.
      377 Hoes Lane, Suite 200
      Piscataway, New Jersey 08854

   *(By prescribed Service)*

Clerk,
United States District Court, Eastern District of New York

*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK           CASE NO.:

ANDERSON VERNOT,

                        Plaintiff,

-against-


FIRST CREDIT SERVICES, INC.,

                        Defendant(s).

_____

## COMPLAINT

_____

Edward B. Geller, Esq., P.C., Of Counsel to

**M. HARVEY REPHEN & ASSOCIATES, P.C.**
15 Landing Way
Bronx, New York 10464
Phone:     (914)473-6783

_____